85 F.3d 631
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William COCLANES, Plaintiff-Appellant,
v.
Teresita B. SAGUN, et al., Defendants-Appellees.
 No. 95-3001.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 7, 1996.*
Decided May 13, 1996.
 
 Before FLAUM, EASTERBROOK and ROVNER, Circuit Judges.
 
 Order
 
 1
 William Coclanes filed this suit under 42 U.S.C. § 1983 against the City of Chicago; Teresita Sagun, the City's Commissioner of Sewers; and Sagun's secretary, Betty Collins Hart. The complaint alleged that Sagun and Hart had Coclanes arrested when he sought an audience to attempt to persuade Sagun that he should be promoted. (Hart signed a form stating that Coclanes had demanded entry and stated that "he had better see the commissioner before a bomb explodes in the office.") Coclanes added claims under state law. Judge Aspen dismissed the complaint after concluding that the act of calling the police, and filing a complaint that leads to an arrest, is not "state action" even if the person making the complaint is a public employee. Claims based on state law were dismissed without prejudice.
 
 
 2
 Judgment was entered in November 1994, and Coclanes did not file an appeal from this decision. After the time for appeal had run, Coclanes sought relief under Fed.R.Civ.P. 60(b)(1). Judge Aspen denied this motion on the ground that it was nothing but a rehash of the original allegations.
 
 
 3
 At this point Coclanes, apparently aware that Judge Aspen recuses himself in all political patronage cases alleging violations of the Shakman consent decree, filed a petition under Shakman alleging that the events leading to his arrest violated that decree. He simultaneously filed another Rule 60(b) motion, Judge Aspen recused himself with respect to the petition under the consent decree and added that he "probably should have declined to retain Coclanes' original complaint. Although it is grounded in 42 U.S.C. § 1983 rather than the Shakman decree, it does, at least tangentially, implicate Shakman. " Judge Aspen then recused himself from the § 1983 case, and the pending (second) Rule 60(b) motion was reassigned to Judge Marovich, who like Judge Aspen before him concluded that it is meritless.
 
 
 4
 Coclanes' appeal argues that in light of Judge Aspen's recusal, the whole case had to begin again. This argument is inconsistent with United States v. Murphy, 768 F.2d 1518, 1539-41 (7th Cir.1985), and United States v. Balistrieri, 779 F.2d 1191, 1204-05 (7th Cir.1985), which hold that events giving rise to the appearance (but not the actuality) of a conflict of interest do not require the litigation to return to square one. A litigant seeking post-judgment relief must show that the reasons leading to recusal under 28 U.S.C. § 455(a) had at least some potential to affect the disposition of the case. Although Liljeberg v. Health Service Acquisition Corp., 486 U.S. 847 (1988), shows that there is no bright line between recusals under § 455(a) and those under § 455(b), and that some § 455(a) problems support an order to readjudicate the case, it does not hold that all § 455(a) recusals do so. Like Judge Marovich, we cannot see any serious risk that a reasonable observer, informed of all facts, would doubt that Judge Aspen administered justice impartially in this case.
 
 
 5
 This case was finally resolved in 1994, and Coclanes did not appeal. His successive motions under Rule 60(b) do not provide any cogent reason for disturbing that judgment.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)